**In re A.H. ROBINS COMPANY, INC., Debtor.**

**Employer's Tax Identification No. 54–0486348.**

**In re Gregory J. SEMANKO, P.A.**

**No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

July 13, 1998.

Gregory J. Semanko, P.A., Minneapolis, MN, for Movant.

Orran Lee Brown, Richmond, VA, for Dalkon Shield Claimants Trust.

*MEMORANDUM*

SPENCER, District Judge.

This matter is before the Court on the motion of Gregory J. Semanko, P.A. ("Semanko"), for Reinstatement of Attorneys Fees (Docket No. 23027). For the reasons which follow, the Court will DENY the motion.

I.

On March 1, 1995, this Court entered an Order Disallowing Unreasonable Attorneys

Fees On Pro Rata Distribution (the "March 1 Order"). Paragraph 2 of that Order prohibits counsel for Dalkon Shield personal injury claimants from "charging or receiving, directly or indirectly, any compensation or fees, based upon or out of any pro rata distribution received by a Dalkon Shield Personal Injury Claimant from the Trust ... in excess of ten percent of such pro rata distribution." This Court rejected all challenges to its jurisdiction to enter the March 1 Order. This ruling was unanimously affirmed by the Court of Appeals for the Fourth Circuit in *In re A.H. Robins Co. (Order Limiting Attorneys Fees)*, 182 B.R. 128 (E.D.Va.1995), *aff'd*, 86 F.3d 364 (4th Cir.1996).

The March 1 Order also prescribed a procedure to be followed by any attorneys or firms who objected to the disallowance and wished the Court to consider reinstating fees above the ten percent limit. The procedure included the requirement that such motions to reinstate fees be filed with the Court no later than April 17, 1995. The Order gave notice of the opportunity for argument and an evidentiary hearing before the Court. On April 28, 1995, Semanko appeared before the Court and presented evidence in support of its Motion For Reinstatement Of Attorneys Fees. However, having stayed the proceedings on all of the individual motions to reinstate fees during the pendency of the appeal to the Fourth Circuit (Docket No. 23514), this Court never addressed the merits of Semanko's Motion.

Following the unsuccessful appeal to the Fourth Circuit, this Court entered an Order, dated September 17, 1996, addressing the sixty-two motions to reinstate fees still pending before the Court. (Docket No. 29532). That Order directed certain movants to file their proposed findings of fact and conclusions of law in support of their motions to reinstate fees by November 1, 1996. Semanko made a timely submission and the matter is now ripe for disposition.[1]

---

**II.**

Semanko is an attorney from Minneapolis, Minnesota, who has represented approximately 55 Dalkon Shield claimants over the years. Prior to A.H. Robins filing for Chapter 11 bankruptcy, 15 of those 55 claims had proceeded to litigation in which extensive discovery had been completed—the costs of which were borne by Semanko rather than his clients per the contingency fee agreements. Moreover, Semanko asserts that because of his involvement in the Dalkon Shield litigation, he has been precluded from accepting more lucrative cases to the detriment of his practice. As a result, Semanko believes that he is entitled to collect his standard contingent fee on the pro rata distributions paid to his clients.

While the Court recognizes Semanko's efforts on behalf of his clients, the Court nevertheless finds that based on the present record, his involvement in this case does not constitute the type of "extenuating circumstances" that this Court has held to be required in order for an attorney or firm to be entitled to a fee of more than ten percent. *See In re A.H. Robins Co. (Order Limiting Attorneys Fees)*, 182 B.R. at 138. In reaching this conclusion, the Court is guided by the Fourth Circuit's ruling that the pro rata payment is a "bonus" that is paid over and above the amount of an individual's full settlement of a claim. *See Robins*, 86 F.3d at 369–70, 375. Moreover, this Court has determined that the availability of pro rata payments did not result from the legal efforts of counsel, but from the effective management of the Trust. *See In re A.H. Robins Co. (Order Limiting Attorney Fees)*, 182 B.R. at 136. Accordingly, when considering pro rata fees, this Court's focus is not on an attorney's efforts on the underlying claim, but on the efforts required for the client to receive the pro rata payment.[2] In the instant case, the

---

1. The Dalkon Shield Claimants Trust takes no position with respect to Semanko's present motion.

2. *See In re A.H. Robins Co. (Order Limiting Attorney Fees)*, 182 B.R. at 135 ("[T]he reasonableness of fees charged against a claimant's underlying recovery from the Trust and the reasonableness

of fees charged against a claimant's pro rata payment [are two distinct issues]. In reviewing the reasonableness of fees, there is a critical distinction between a claimant's underlying recovery on a Dalkon Shield claim and her subsequent receipt of a pro rata payment.").

mere fact that Semanko has, as compared to other Dalkon Shield attorneys, expended more resources in obtaining the maximum settlement for its clients, does not entitle it to charge a higher fee for the ministerial task of forwarding its clients their pro rata distributions.

### III.

The Court finds that Semanko has failed to present the type of "extraordinary case" or "extenuating circumstances" that would justify relief from the Court's March 1, 1995 Order. *See id.* at 138, 140 n. 15. In the absence of such a showing, the ten percent fee is "not only reasonable, but overly generous." *Robins,* 86 F.3d at 377. Semanko's motion will therefore be DENIED.

An appropriate Order shall issue.

### *ORDER*

This matter is before the Court on the motion of Gregory J. Semanko, P.A., for Reinstatement of Attorneys Fees. (Docket No. 23027). Upon due consideration, for the reasons stated in the Memorandum this day filed, and deeming it just and proper so to do, it is ADJUDGED and ORDERED that the motion be, and the same is, hereby DENIED.

Let the Clerk send a copy of this Order and the accompanying Memorandum to Gregory J. Semanko, P.A., Northwest Midland Bank Building, Minneapolis, Minnesota 55401–2387; and to counsel for the Dalkon Shield Claimants Trust, Orran Lee Brown, Post Office Box 1314, Richmond, Virginia 23218–1314.